Submitted July 30, affirmed September 10, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PETER JOSEPH CUDDIE,
*Defendant-Appellant.*

Lane County Circuit Court
201222000; A153566

335 P3d 359

Peter Gartlan, Chief Defender, and Susan Fair Drake, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

PER CURIAM

## PER CURIAM

Defendant burglarized a home, drove off in his vehicle, crashed into another vehicle, and then fled the accident scene. After the crash, police found a firearm in defendant's vehicle and, later, found a significant amount of controlled substances in the vehicle, including heroin. As a result, defendant was convicted of, among other crimes, third-degree assault, failure to perform the duties of a driver, felon in possession of a firearm, and commercial delivery of heroin. The trial court imposed consecutive sentences of 24 months' imprisonment for third-degree assault and 20 months' imprisonment for failure to perform the duties of a driver; the court also sentenced defendant to 10 months' imprisonment for possession of a firearm, to be served consecutively to a sentence of 92 months' imprisonment for delivery of heroin.

On appeal, defendant advances two assignments of error. First, he argues that the trial court erred in imposing his sentences for third-degree assault and failure to perform the duties of a driver consecutively without applying the "shift-to-I" rule, OAR 213-012-0020(2)(a)(B). According to defendant, those two counts were based on conduct that occurred during the same criminal episode and therefore triggered the "shift-to-I" rule, which would have resulted in a shorter term of incarceration. Our decision in *Orchard v. Mills*, 247 Or App 355, 358, 270 P3d 309 (2011), *rev den*, 352 Or 33 (2012), disposes of that argument. In *Orchard*, a post-conviction case, we explained that the petitioner's "assaultive conduct and his subsequent efforts to evade apprehension for that assault were not directed to the accomplishment of a single criminal objective." *Id.* at 359. Thus, we held that "it was proper to impose consecutive sentences on the assault and failure to perform the duties of a driver charges without applying the 'shift-to-I' rule." *Id.* The same is true in this case.

In his second assignment of error, defendant similarly complains that the court erred in failing to apply the "shift-to-I" rule to his sentences for delivery of heroin and felon in possession of a weapon, because the crimes were committed as part of the same criminal episode. Defendant

did not make that argument below, and we reject that unpreserved contention without further discussion.

Affirmed.